JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JONES, LYNETTE
12 Stone River Road
Laurel Springs, NJ 08021

## DEFENDANTS
ZELTSER, ILIA S., M.D. and
ACADEMIC UROLOGY, LLC and
THE BRYN MAWR UROLOGY GROUP
919 Conestoga Road, Building One, Suite 300, Rosemont, PA 19010

**(b)** County of Residence of First Listed Plaintiff: Camden
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Thomas J. Duffy, Esquire / Duffy + Partners
1650 Market Street, One Liberty Place, 55th Floor
Philadelphia, PA 19103
(215) 238.8700

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 400 State Reapportionment |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 410 Antitrust |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 340 Marine / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | [x] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| | | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | | [ ] 462 Naturalization Application | | |
| | [ ] 446 Amer. w/Disabilities Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec. 1332
Brief description of cause:
Medical Malpractice

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE  N/A
DOCKET NUMBER  N/A

DATE: 02.03.14
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 12 Stone River Road, Laurel Springs NJ 08021

Address of Defendant: 919 Conestoga Rd., Bldg. #1, Ste. 300, Rosemont, PA 19010

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: N/A       Judge _____       Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) Medical Malpractice

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Thomas J. Duffy, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 2-3-14          *[signature]* Thomas J. Duffy          34729
                       Attorney-at-Law                        Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____   _____
                     Attorney-at-Law         Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Lynette Jones                                      : CIVIL ACTION
                        v.                         :
Ilia S. Zeltser, M.D., et al.                      :
                                                   : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                           ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                              ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

2-3-14                  _[signature]_                           Plaintiff
**Date**                **Attorney-at-law**                     **Attorney for**

(215) 238-8700          (215) 238-8710                          tjd@duffyfirm.com
**Telephone**           **FAX Number**                          **E-Mail Address**

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LYNETTE JONES**<br>12 Stone River Road<br>Laurel Springs, NJ  08021 | **CIVIL ACTION** |
| v. | |
| | NO. |
| **ILIA S. ZELTSER, M.D.**<br>919 Conestoga Road<br>Building One, Suite 300<br>Rosemont, PA  19010 | |
| and | |
| **ACADEMIC UROLOGY, LLC**<br>919 Conestoga Road<br>Building One, Suite 300<br>Rosemont, PA  19010 | |
| | **JURY TRIAL DEMANDED** |
| and | |
| **THE BRYN MAWR UROLOGY GROUP**<br>919 Conestoga Road<br>Building One, Suite 300<br>Rosemont, PA  19010 | |

## COMPLAINT

1. Plaintiff, Lynette Jones (hereinafter "Plaintiff Jones") is an individual citizen of the State of New Jersey.

2. Defendant, Ilia S. Zeltser, M.D. (hereinafter "Defendant Zeltser") is an individual citizen of the Commonwealth of Pennsylvania.

3. Defendant, Academic Urology, LLC, is a corporation formed pursuant to the laws of the Commonwealth of Pennsylvania, with its principal place of business in Pennsylvania.

4. Defendant, The Bryn Mawr Urology Group, is an unincorporated division of defendant, Academic Urology, LLC, formed pursuant to the laws of the Commonwealth of Pennsylvania, with its principal place of business in Pennsylvania.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332. There is complete diversity of citizenship and the amount in controversy exceeds One Hundred Thousand ($100,000) Dollars.

6. At all times relevant to this Complaint, Defendant Zeltser was the agent, servant, and/or employee of Defendant, Academic Urology, LLC.

7. At all times relevant to this Complaint, Defendant Zeltser was the agent, servant, and/or employee of Defendant, The Bryn Mawr Urology Group.

8. On April 25, 2011, Plaintiff Jones, sought treatment from Defendant Zeltser for a mass on the upper pole of her left kidney.

9. As a result of the consultation on April 25, 2011, at the recommendation of Defendant Zeltser, Plaintiff Jones underwent laparoscopic surgery performed by Defendant Zeltser on May 26, 2011.

10. After Defendant Zeltser performed laparoscopic surgery on Plaintiff Jones, there was a follow-up consult on June 10, 2011.

11. During the follow-up visit of June 10, 2011, Defendant Zeltser advised Plaintiff Jones that the pathology report for her surgery was benign and that she should return for follow-up in six (6) months.

12. On December 12, 2011, Plaintiff Jones returned for follow-up care with Defendant Zeltser. During the visit of December 12, 2011, Plaintiff Jones was advised by Defendant Zeltser that an ultrasound that had been performed two (2) days earlier was negative, and that Plaintiff Jones had no residual sequelae and her condition was benign.

13. On February 17, 2012, Plaintiff Jones began experiencing abdominal pain.

14. Plaintiff Jones went to The Hospital of the University of Virginia where she was enrolled as a student.

15. Testing revealed that Plaintiff Jones had a large abdominal mass.

16. On February 17, 2012, Plaintiff Jones underwent surgery at The University of Virginia Hospital, at which time it was discovered that she had a large malignant tumor.

17. Prior to February 17, 2012, Plaintiff Jones had no means to know or discover that she had a large metastatic mass in her abdomen.

## COUNT I
## Lynette Jones v. Ilia S. Zeltser, M.D.

18. Plaintiff Jones incorporates by reference all preceding paragraphs as if set forth herein at length.

19. Defendant Zeltser deviated from the standard of care and was negligent in rendering treatment to Plaintiff Jones by failing to properly perform surgery and conduct follow-up care for Plaintiff Jones.

20. Defendant Zeltser deviated from the standard of care and was negligent in failing to properly advise Plaintiff Jones of the true nature of her condition following the surgery that he performed.

21. Defendant Zeltser was negligent in providing medical care to Plaintiff Jones for the abdominal mass.

22. As a direct result of the deviation of the standard of care and/or negligence by Defendant Zeltser, cancer in Plaintiff Jones was allowed to grow and metastasize.

23. As a direct result of the deviation of the standard of care and/or negligence by Defendant Zeltser, the risk of Plaintiff Jones developing cancer and/or having the cancer grow and/or metastasize and/or spread increased significantly.

24. As a direct result of the deviation of the standard of care by Defendant Zeltser, Plaintiff Jones has sustained serious injuries including an increased risk of cancer and an actual occurrence and growth of cancerous tumors, which have resulted in her need for extensive medical care and incurring extensive medical costs. This has also resulted in her reduced life expectancy, the need for future medical care and costs, and a reduced ability to work and a decreased earning capacity.

WHEREFORE, Plaintiff, Lynette Jones, requests this Court enter judgment in her favor and against Defendant, Ilia S. Zeltser, M.D., together with costs and damages for delay.

## COUNT II
## Lynette Jones v. Academic Urology, LLC

25. Plaintiff Jones incorporates by reference all preceding paragraphs as if set forth herein at length.

26. Defendant Zeltser was the agent, servant and employee of Defendant, Academic Urology, LLC.

27. Defendant, Academic Urology, LLC, is liable for injuries and damages sustained by Plaintiff Jones.

WHEREFORE, Lynette Jones, requests this Court enter judgment in her favor and against Defendant, Academic Urology, LLC, together with costs and damages for delay.

4

## COUNT III
## Lynette Jones v. The Bryn Mawr Urology Group

28. Plaintiff Jones incorporates by reference all preceding paragraphs as though fully set forth herein at length.

29. Defendant Zeltser was the agent, servant and employee of Defendant, The Bryn Mawr Urology Group.

30. Defendant, The Bryn Mawr Urology Group, is liable for injuries and damages sustained by Plaintiff Jones.

WHEREFORE, Lynette Jones, requests this Court enter judgment in her favor and against Defendant, The Bryn Mawr Urology Group, together with costs and damages for delay.

DUFFY + PARTNERS

_____
THOMAS J. DUFFY, ESQUIRE
I.D. No. 34729
One Liberty Place, 55th Floor
1650 Market Street
Philadelphia, PA 19103
(215) 238.8700

Dated: 2/3/14